UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ROSETTA BELL,

    Plaintiff,
vs.

BCC FOOD HALL LLC,

    Defendant.
                                                     /

## **COMPLAINT**

Plaintiff, ROSETTA BELL, sues Defendant, BCC Food Hall LLC, and alleges:

1. Plaintiff, ROSETTA BELL ("Plaintiff"), was an employee of Defendant, BCC Food Hall LLC.

2. Plaintiff is entitled to the rights, protections, and benefits provided under the WARN Act, 29 U.S.C. Section 2101 *et. seq*.

3. Defendant, Food Hall LLC, a Florida LLC, caused a mass layoff to occur at La Centrale (food hall) in or around the Brickell City Centre in Miami-Dade County.

4. Defendant was, and is, subject to the notice and back pay requirements of the federal WARN Act because Defendant is a business enterprise that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. Section 2101(1)(A) & (B).

5. The WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to the employer's closing of a plant or mass layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of

the required notice period. Pursuant to the WARN Act, 29 U.S.C. Section 2101, and 20 C.F.R. Section 639.1 – 639.10 *et seq*, Defendant was required to provide at least sixty (60) days prior written notice of the termination, or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

6. Approximately 70-80 or more layoffs occurred within a 30-day period [1] beginning on or about June 20, 2019 (including no less than 50 full-time layoffs that triggered the notice requirements of the WARN Act, as "full time" is defined for purposes of the WARN Act). More than 33% of the full-time workforce was laid off.

7. Approximately 70-80 or more layoffs occurred within a 90-day period [2] beginning on or about June 20, 2019 (including no less than 50 full-time layoffs that triggered the notice requirements of the WARN Act, as "full time" is defined for purposes of the WARN Act). More than 33% of the full-time workforce was laid off.

8. Layoffs were staggered by the Defendant in an attempt to avoid the notice requirements of the WARN Act.

---

[1] The relevant time period for calculating the total number of terminations is 90 days; it is the employer's burden to reduce this time period to 30 days. See 29 U.S.C. § 2102(d)("…employment losses for 2 or more groups…which occur within any 90-day period shall be considered to be a plant closing or mass layoff unless the employer demonstrates that the employment losses are the result of separate and distinct actions and causes and are not an attempt by the employer to evade the requirements of this chapter.")

[2] The relevant time period for calculating the total number of terminations is 90 days; it is the employer's burden to reduce this time period to 30 days. See 29 U.S.C. § 2102(d)("…employment losses for 2 or more groups…which occur within any 90-day period shall be considered to be a plant closing or mass layoff unless the employer demonstrates that the employment losses are the result of separate and distinct actions and causes and are not an attempt by the employer to evade the requirements of this chapter.")

9. Defendant willfully violated the federal WARN Act by failing to provide the required notice. Defendant failed to pay Plaintiff his/her wages, salary, commissions, bonuses, accrued holiday pay, and/or accrued vacation for 60 working days following his/her respective termination, and/or failed to make the pension and 401(k) contributions, and/or provide other employee benefits under ERISA, and/or pay his/her medical expenses for 60 calendar days from and after the dates of his/her termination.

10. None of the WARN Act exemptions apply to Defendant.  Accordingly, Plaintiff must receive the notice and back pay required by the WARN Act, 29 U.S.C. Section 2102, 2104.

11. Plaintiff has been damaged by Defendant's conduct constituting violations of the WARN Act and is entitled to damages for his/her back pay and associated benefits for each day of the violation because Defendant has not acted in good faith nor with reasonable grounds to believe their act and omission was not a violation of the WARN Act.

12. The layoff was not reasonably foreseeable is false.  The Defendant began planning the layoff far in advance of Plaintiff's termination and, in fact, began terminating other employees as part of the mass layoff in advance of Plaintiff's termination.

13. The restaurant was owned and operated by the entity BCC Food Hall LLC at all times material hereto.  Further the mass layoff occurred both before and after any change in the ownership of BCC Food Hall LLC, if any.

14. Defendant had sufficient time to give full notice.  However, in the event that Defendant did not have sufficient time, it was still required to give as much notice as possible. Defendant failed to provide any notice whatsoever but instead terminated employees week after week without noticing any particular employee prior to their termination.

15. Any argument that Plaintiff failed to mitigate damages is false. Plaintiff has sought employment. Moreover, no requirement to mitigate is necessary and, in fact, Plaintiff may recover for the full sixty days regardless of whether he found/finds new employment.

16. Plaintiff did not have notice in advance as required by the WARN Act; Plaintiff denies that the termination was for cause; and Plaintiff denies that there is any offset for unemployment compensation benefits and/or any other payment made by Defendant.

17. Plaintiff seeks attorneys fees' and costs pursuant to 29 U.S.C. Section 2104(a)(6); seeks attorneys' fees and costs under all other applicable rules and laws; and seeks attorneys' fees and costs under Plaintiff's employment agreement.

18. Plaintiff was terminated by Defendant on or about June 25, 2019.



19. Plaintiff's termination was categorized by Defendant as a "workforce reduction".

WHEREFORE, Plaintiff demands judgment against Defendant and prays for:

1) Compensatory damages including without limitation an amount equal to at least the amounts provided by the WARN Act, 29 U.S.C. Section 2104(a);

2) Reasonable attorneys' fees and costs

3) Such other relief as the Court deems fair and equitable

### Demand for Jury Trial

Plaintiff hereby requests trial by jury on all issues triable by jury pursuant to Fed. R. Civ. P. 38.

Dated this 9th day of June, 2021

        Respectfully submitted,

**LAW OFFICES OF PAUL A. SACK, P.A.**
1210 Washington Avenue, Suite 245
Miami Beach, Florida 33139
Tel: 305-397-8077   Fax: 305-763-8057

By:   /s/ PAUL A. SACK, ESQ.
FBN: 363103
Primary: paul@paulsacklaw.com
ps1619@bellsouth.net

R. BRANDON DEEGAN, ESQ.
FBN: 117368
Primary: deegan@paulsacklaw.com